NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ORION WINE IMPORTS, LLC; PETER E. CREIGHTON,

Plaintiffs-Appellants,

v.

JACOB A. APPELSMITH, in his official capacity as Director of the California Dept. of Alcoholic Beverage Control,

Defendant-Appellee.

No.    20-15447

D.C. No. 2:18-cv-01721-KJM-DB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted February 11, 2021
San Francisco, California

Before:  WARDLAW and BEA, Circuit Judges, and CAIN,** District Judge.

Plaintiffs, Florida wine importers that would like to ship wine directly from

their Florida distribution facility to California retailers of alcoholic beverages,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable James David Cain, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

appeal the district court's order dismissing their complaint for lack of standing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      We review the district court's decision dismissing Plaintiffs' complaint for lack of standing de novo, construing all factual allegations in favor of the plaintiffs. *Mont. Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013). The "irreducible constitutional minimum" for Article III standing requires that any plaintiff seeking to invoke federal jurisdiction must demonstrate he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Even assuming Plaintiffs have adequately alleged an injury in fact,[1] we nonetheless conclude that Plaintiffs' strictly limited challenge to Section 23661 of California's Alcoholic Beverage Control Act ("ABC Act")[2] under the Dormant

---

[1] Specifically, Plaintiffs allege that Section 23661 prevents Plaintiffs from completing a proposed agreement to supply wine directly from Plaintiffs' Florida distribution facilities via common carrier to The Pour House, a licensed California wine retailer.

[2] The relevant statutory text of Section 23661 provides:

[A]lcoholic beverages shall be brought into this state from without this state for delivery or use within the state only by common carriers and only when the alcoholic beverages are consigned to a licensed importer, and only when consigned to the premises of the licensed importer or to a licensed importer

Commerce Clause fails to establish both the causation and redressability necessary for Article III standing.  As the district court correctly found, the fatal flaw for Plaintiffs' challenge under both requirements is that other independent provisions of the ABC Act, which Plaintiffs do not challenge, would still prohibit Plaintiffs' proposed transaction with The Pour House even if Section 23661 were invalidated. Thus, given that other provisions of the ABC Act that Plaintiffs do not challenge would inflict the same "injury" by barring the proposed transaction with The Pour House, the connection between Plaintiffs' alleged injury and the challenged provision, Section 23661, is too "attenuated" for Article III standing.  *Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011).  Furthermore, because Plaintiffs' proposed transaction would still be prohibited by the ABC Act even if we were to strike down Section 23661 as unconstitutional, a favorable ruling would not remedy Plaintiffs' alleged injury, the cornerstone of redressability.  *See Nuclear Info. & Res. Serv. v. Nuclear Reg. Comm'n*, 457 F.3d 941, 955 (9th Cir. 2006); *see also McConnell v. Fed. Election Comm'n*, 540 U.S. 93, 228 (2003).

    2.     On appeal, Plaintiffs have raised additional challenges to other

---

or customs broker at the premises of a public warehouse licensed under this division.

Cal. Bus. & Prof. Code § 23661.  The district court noted that Plaintiffs explicitly disavowed challenges to other provisions and "clarified they did not intend to seek further amendment of their complaint if the court dismissed it."

3

provisions of the ABC Act, such as Sections 23017(b) and 23405.2, that would also bar Plaintiffs' proposed transaction. However, Plaintiffs did not raise these challenges below, and "an appellate court will not hear an issue raised for the first time on appeal." *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) (internal citation omitted). None of the four exceptions to this rule that we identified in *Kaass* are present here. 799 F.3d at 1293. Moreover, while federal courts may consider standing as a general matter even if raised for the first time on appeal, we are not obligated to consider every possible argument Plaintiffs could have made but did not, particularly where, as here, standing was raised, briefed, and argued below. *See Maricopa-Stanfield Irr. and Drainage Dist. v. United States*, 158 F.3d 428, 433 (9th Cir. 1999). Lastly, Plaintiffs' broad, generic request for any injunctive relief necessary "to allow Plaintiffs to sell and deliver wine directly to California retailers" cannot suffice to preserve these additional challenges and overcome our ordinary rule against hearing issues raised for the first time on appeal. *Kaass*, 799 F.3d at 1293.

**AFFIRMED.**